## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| ABDUL AL-HAKEEM AFIZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:24-CV-00163-NCC |
| | ) |
| MICHELE BUCKNER, | ) |
| | ) |
| Respondent. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Petitioner Abdul Al-Hakeem Afiz's "Motion for Habeas Corpus." (ECF No. 1). Petitioner seeks habeas relief under Rule 91.01 of the Missouri Rules of Civil Procedure. For the reasons discussed below, the Court will dismiss this action for lack of subject-matter jurisdiction.

Subject-matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); *see also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."). The presence of subject-matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases."). Thus, the issue of subject-matter

jurisdiction may be raised at any time, by any party or the Court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject-matter jurisdiction over both federal-question cases and diversity-of-citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Ct. of Spirit Lake Indian Rsrv.*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding subject-matter jurisdiction is lacking if neither diversity of citizenship nor federal-question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has instructed that district courts shall have jurisdiction in both federal question and diversity cases).

Federal-question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015); *see also* 28 U.S.C. § 1331. A petitioner must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998).

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010).

Here, Petitioner seeks relief exclusively under Rule 91.01 of the Missouri Rules of Civil Procedure. Petitioner does not invoke the federal habeas statutes and there is no indication that

2

diversity jurisdiction exists in this matter. Thus, the Court will dismiss this matter for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that this matter is **DISMISSED** without prejudice for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 9th day of May, 2024.

                                          HENRY EDWARD AUTREY
                                    UNITED STATES DISTRICT JUDGE